UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAITH TECHNOLOGIES, INC.,

      Plaintiff,

v.                                       Case No. 23-C-240

THE INTERLAKE STEAMSHIP COMPANY,

      Defendant,

      and

FINCANTIERI MARINE GROUP, LLC,

      Intervenor Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Faith Technologies, Inc., brought this action against Defendant The Interlake Steamship Company for a lien against Interlake's vessel, the M/V Mark W. Barker pursuant to Wis. Stat. Chapter 780. Faith alleged Fincantieri Bay Shipbuilding Co. (FBS) contracted with Faith as the electrical sub-contractor to build, fit out, furnish, and/or equip the Vessel with electrical services and that FBS failed to pay it for such work. Faith sought damages against Interlake, as the owner of the Vessel, in the amount of $1,288,619.64, along with costs, charges, and disbursements under Wis. Stat. § 780.03.

      Faith also filed a motion for an order directing issuance of a writ of attachment upon Interlake's interest in the Vessel and a motion to appoint a substitute custodian to take all reasonable steps necessary for the safekeeping of the Vessel. FBS subsequently moved to intervene in the action and to dismiss Faith's first amended complaint. The court held oral

argument on the motions on March 10, 2023. That same day, the court granted FBS's motion to intervene, denied Plaintiff's motion for a writ of attachment, and dismissed the case on its merits and without prejudice. The court entered judgment on March 13, 2023.

This matter comes before the court on Interlake and FBS's motion for attorney fees pursuant to Federal Rule of Civil Procedure 54. Interlake and FBS (collectively referred to as Defendants) seek to recover attorney fees and related expenses in the amounts of $76,821.12 and $65,368.68, respectively. For the following reasons, the motion will be denied.

Motions for an award of attorney fees are governed by Federal Rule of Civil Procedure 54. Rule 54 requires that, unless a statute or court order provides otherwise, motions for attorney fees must "be filed no later than 14 days after the entry of judgment" and "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B). In this case, Defendants assert that the indemnity provision in Faith and FBS's terms and conditions of purchase contract requires Faith to pay Defendants' expenses (including attorney fees) in defending against the action.

The indemnification provision provides:

**Indemnification.** Seller shall defend, indemnify and hold Buyer, its officers, directors, employees, customers, agents, successors and assigns, harmless from any claim, action, proceeding, liability, loss, damage, cost or expense whatsoever (including Buyer's actual attorneys' fees) arising from or in connection with: (1) any actual or alleged defect in the Goods, (2) any failure of Seller to comply the specifications for Goods, the express or implied warranties of Seller, or any other term or condition of the Order, (3) any violation by the Goods, or in their manufacture or sale, of any federal, state, local foreign or international law, rule, regulation, standard and code, (4) any allegation that the sale or use of the Goods infringes any U.S. or foreign patent, copyright, trademark or any other intellectual property right, or constitutes unfair competition or trade secret violations, or (5) any act or omission of Seller or its agents, employees, contractors or subcontractors arising out of the performance of the Order. In the event of any claim, demand, action or proceeding being commenced against Buyer by reason of any of the above matters, Buyer shall give Seller notice thereof and Seller shall defend such action with counsel of Buyer's choosing. Without waiving any of its rights hereunder,

2

> Buyer may also hire its own counsel and shall have the right to participate in the defense thereof. With respect to any claim against Buyer by an employee, agent, contractor or subcontractor of Seller or any other person in the employment of or under the control of Seller, the indemnification and hold harmless obligations of Seller hereunder shall not be limited by a limitation on the amount or type of damages, compensation or benefits payable by or for Seller under workers' compensation acts, disability benefit acts or other employee benefit acts.

Dkt. No. 4-1 at 17. Faith and FBS's agreement is governed by Wisconsin law. Under Wisconsin law, the court's goal is to "ascertain the true intentions of the parties as expressed by the contractual language." *Town Bank v. City Real Estate Dev., LLC*, 2010 WI 134, ¶ 33, 330 Wis. 2d 340, 793 N.W.2d 476 (internal quotation marks and citation omitted). "Interpretation of an indemnification agreement, like any other written contract, begins with the language of the agreement." *Fabco Equip., Inc. v. Kreilkamp Trucking, Inc.*, 2013 WI App 141, ¶ 6, 352 Wis. 2d 106, 841 N.W.2d 542 (citation omitted). "When the terms of a contract are clear and unambiguous, we construe the contract's language according to its literal meaning." *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2015 WI 65, ¶ 35, 363 Wis. 2d 699, 866 N.W.2d 679.

Defendants argue that the indemnity provision requires Faith to reimburse FBS and Interlake for their costs and expenses, including attorney fees, arising from Faith's failure to comply with the terms of the contract. But, by its plain terms, the indemnification provision requires Faith to defend, indemnify, and hold FBS and its customers, such as Interlake, harmless from any claim brought against FBS or its customers by a third party. It does not, as Defendants suggest, cover disputes between the parties to the agreement itself. Indeed, the provision requires that FBS give Faith notice of such claims brought against it and that Faith defend FBS in such action with counsel of FBS's choosing. It would not make sense for Faith to defend FBS from itself. Thus, the only logical reading of the indemnification provision is that Faith's duty to indemnify is solely triggered by third-party claims against FBS. If the parties had intended for the

indemnification provision to apply to first-party claims, the agreement would have said so explicitly. *See Tufail v. Midwest Hosp., LLC*, 2013 WI 62, ¶ 26, 348 Wis. 2d 631, 833 N.W.2d 586 ("We presume the parties' intent is evidenced by the words they chose, if those words are unambiguous."). Accordingly, the indemnification provision does not apply, and Defendants are not entitled to attorney fees under the agreement.

**IT IS THEREFORE ORDERED** that Defendants' motion for attorney fees (Dkt. No. 40) is **DENIED**.

Dated at Green Bay, Wisconsin this 11th day of October, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge